## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELA BURGA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>UNIFIRST CORP., VICTOR GOMEZ, JOHN WALKER, REIS LAMONTAGNE, JUSTINE EXLINE, VICTORIA PANARESE<br>*individually and as the agents, servants, or employees of UniFirst*, *et al.*,<br><br>　　　　　Defendants. | Civil Action No.<br><br>20-10849 (MCA) (LDW)<br><br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiff Daniela Burga's motion to remand this action to the Superior Court of New Jersey, Law Division, Morris County. (ECF No. 6). The Honorable Madeline Cox Arleo, U.S.D.J., referred the motion to the undersigned for a Report and Recommendation. The motion is decided without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. Having considered the parties' written submissions, and for good cause shown, the Court respectfully recommends that plaintiff's motion to remand be **GRANTED** for lack of subject matter jurisdiction.

### I.　　BACKGROUND

Plaintiff Daniela Burga commenced this action in the Superior Court of New Jersey, Law Division, Morris County in August 2020, alleging violations of New Jersey's Law Against Discrimination in connection with her employment at defendant UniFirst Corporation ("Unifirst"). (Compl., ECF No. 1-1). Unifirst, together with defendants John Walker, Reis LaMontagne, Justin

Exline and Victoria Panarese, timely removed the action to this Court on August 19, 2020. (Notice of Removal ¶ 5, ECF No. 1). Defendant Victor Gomez, who had not yet been served at the time of removal, did not join in the removal petition. (*See id.*)

Although defendants removed on the basis of diversity of citizenship pursuant to 28 U.S.C § 1332(a), the Notice of Removal acknowledges that both plaintiff and defendant Victor Gomez are New Jersey citizens. (Notice of Removal ¶¶ 6, 12, ECF No. 7).[1] Based on the absence of complete diversity of the named parties, plaintiff moves to remand for lack of subject matter jurisdiction. Defendants contend in opposition to the remand motion that the citizenship of Gomez should be disregarded for diversity purposes because he had not yet been served with process at the time of removal. (He has since been served). (Notice of Removal ¶¶ 23-24, ECF No. 7; Scirocco Cert., ECF No. 6-3).

## II. DISCUSSION

Plaintiff's motion to remand turns on whether the New Jersey citizenship of both plaintiff and defendant Gomez destroys diversity jurisdiction under 28 U.S.C. § 1332(a). This, in turn, presents the issue of whether "snap removal" – that is, removing an action to the federal court before a forum defendant is served – bars the Court from considering the citizenship of the unserved defendant in assessing subject matter jurisdiction. Because the undersigned finds that complete diversity of citizenship is a jurisdictional requisite to maintaining suit in this Court that may not be circumvented because a non-diverse defendant has not yet been served with process, it is recommended that the Court find that diversity jurisdiction is absent and therefore remand the action.

---

[1] None of the remaining defendants is a New Jersey citizen. Defendants UniFirst, Exline and Panarese are Massachusetts citizens; defendant Walker is a Pennsylvania citizen; and defendant LaMontagne is a New Hampshire citizen. (*Id.* ¶¶ 7-11).

### A.     Legal Standard

A defendant may remove any civil action filed in state court to a federal district court having original jurisdiction over the action.  28 U.S.C. § 1441(a).  Original jurisdiction based on diversity of citizenship exists where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).  Complete diversity requires that all plaintiffs are citizens of different states than all defendants.  *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

Even where complete diversity of citizenship exists, the forum-defendant rule may preclude removal where a defendant is a resident of the forum.  The rule provides that an "action otherwise removable solely on the basis of [diversity] jurisdiction…may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Where the forum defendant has not yet been served in an action that otherwise meets the diversity of citizenship jurisdictional requirements, however, the action may nevertheless be removed through what is called "snap removal."  *See Encompass Ins. Co. v. Stone Mansion Rest., Inc.*, 902 F.3d 147, 153 (3d Cir. 2018).

The removing defendants bear the burden of establishing that federal subject matter jurisdiction exists, removal was timely filed, and removal otherwise was proper.  28 U.S.C. §§ 1441, 1446, 1447; *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).  Once the case has been removed, a district court may remand the matter to state court if subject matter jurisdiction is lacking.  28 U.S.C. § 1447(c).  Removal statutes are strictly construed against removal, and all doubts are to be resolved in favor of remand.  *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396, 403 (3d Cir. 2004).

**B.     Analysis**

In removing the action to this Court, the removing defendants failed to demonstrate under 28 U.S.C. § 1441(a) that the Court had original jurisdiction. The removing defendants averred in the removal petition that diversity of citizenship jurisdiction existed under 28 U.S.C. § 1332(a) because plaintiff and the removing defendants were of diverse citizenship.[2] In so contending, they ignored what was apparent on the face of the removal petition: that a non-removing defendant, who had not yet been served with process – defendant Gomez – was not of diverse citizenship from plaintiff. They posit on this motion that the removal petition correctly disregarded the overlapping citizenship of plaintiff and defendant Gomez in averring the existence of diversity jurisdiction because a non-diverse defendant's citizenship can be ignored for subject matter purposes when he has not been served with process at the time of removal.

Defendants' position is contrary to long-standing authority that an unserved defendant's citizenship must be considered for diversity purposes. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (affirming remand where "fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"); *see also Rhodes v. Barnett*, 692 F. App'x 834, 835-36 (9th Cir. 2017) (noting that "unserved parties must be considered in determining whether there is complete diversity"). The majority of district courts in this Circuit have followed the *Pullman* principle. *See, e.g., Stanley v. Lowe's Cos., Inc.*, No. CV. 19-15436 (MAS), 2020 WL 1531387, at *2-4 (D.N.J. Mar. 31, 2020) (remanding action because unserved defendants defeated complete diversity); *Reyes v. Sheika*, No. CV. 19-20388 (ES)(MAH), 2020 WL 2735710, at *2 (D.N.J. May 7, 2020) (finding unserved defendant's citizenship counts for

---

[2]    The parties agree that the amount in controversy threshold for diversity jurisdiction is met here.

diversity purposes), *report and recommendation adopted*, 2020 WL 2732069 (D.N.J. May 26, 2020); *Janaski v. Dettore*, No. 15-0072, 2015 WL 1573670 (JP), at *1-2 (E.D. Pa. Apr. 9, 2015) (remanding action because complete diversity between parties did not exist on face of complaint notwithstanding plaintiffs' failure to serve non-diverse forum defendant); *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 624 F. Supp. 2d 396, 409 (E.D. Pa. 2009) (noting that "regardless of service, the presence of a properly joined, non-diverse defendant destroys complete diversity, and thus, diversity jurisdiction"); *contra Dillard v. TD Bank, NA*, No. CV. 20-7886 (NLH), 2020 WL 4339347, at *1 (D.N.J. July 28, 2020). Consistent with the majority view, the court finds that defendants failed to satisfy 28 U.S.C. § 1441(a) because Gomez was shown on the face of the removal petition to be non-diverse, whether or not he had been served at the time of removal.

Defendants' sole argument in opposition to remand is that the "properly joined and served" language of the "forum defendant rule" of 28 U.S.C. §1441(b)(2) relieves them of this jurisdictional defect.[3] This argument is incorrect for two reasons. First, the language of the forum defendant rule is contrary to the interpretation they urge the Court to adopt. The forum defendant rule provides that "[a] civil action *otherwise removable solely on the basis of the jurisdiction under § 1332(a) of this title* may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). As the italicized portion of the rule above shows, application of the forum defendant rule first assumes the existence of diversity jurisdiction.[4] *See Stanley,* 2020 WL

---

[3] Defendants do not contend that defendant Gomez was fraudulently joined, which would be an exception to the requirement of complete diversity. *See In re Briscoe*, 448 F.3d 201, 215–16 (3d Cir. 2006).

[4] Assuming diversity exists, the rule then places an *additional* hurdle on removal, precluding removal when an in-state defendant has been properly joined and served. A removing defendant

1531387, at *2-4 (holding that "snap removal" only proper where diversity jurisdiction otherwise exists).  To interpret the forum defendant rule as excusing, for purposes of subject matter jurisdiction, the presence of a diversity-destroying defendant merely because he has not been served with process at the time of removal would require the Court to disregard the "otherwise removable" language of § 1441(b)(2).  Reading the statute in this manner would be contrary to its plain meaning and violate the tenets of statutory construction.  *See Jacob's Limousine Transportation, Inc. v. City of Newark*, 688 Fed. App'x 150, 152 (3d Cir. 2017) ("In interpreting a statute, courts should avoid a construction that would render any word in the statute to be inoperative, superfluous or meaningless, or to mean something other than its ordinary meaning.") (internal quotations and citations omitted).  The Court declines to do so.

Second, the "procedural" forum defendant rule cannot obviate the defendants' need to demonstrate subject matter jurisdiction in order to maintain an action before this Court of limited jurisdiction.  Subject matter jurisdiction is the *sine qua non* of the Court's ability to preside over an action, and its absence may never be waived.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  In contrast, the forum defendant rule has been deemed a "procedural" requirement that may be waived if not raised within thirty days of removal.  *See Korea Exchange Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50-51 (3d Cir. 1995).  To accept defendants' argument that the forum defendant

---

is only excused from that limitation where the action has been removed before the properly-joined forum defendant has been served with process – known as "snap removal."  *See Encompass*, 902 F.3d at 152 (upholding denial of remand where complete diversity existed and case was removed before forum defendant was served, finding that forum defendant rule's "plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined and served").

rule overrides the requirement of subject matter jurisdiction would be to accept the notion that a procedural requirement may trump a jurisdictional requirement. That is not the law. *See id.*

Because the New Jersey citizenship of plaintiff and defendant Gomez was a jurisdictional defect that existed upon removal, defendants fail to carry their burden of showing that this Court has subject matter jurisdiction. It is therefore respectfully recommended that this action be remanded for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

### C. An Award of Costs

Plaintiff requests an award of costs if she prevails on this motion. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Even if removal was improper, "district courts must exercise their discretion in view of the circumstances of the case." *Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 607 (3d Cir. 2006). As defendants had a colorable basis for removal by relying on a recent decision in this District, the Court declines to exercise its broad discretion to award plaintiff whatever costs she may have incurred in connection with his motion to remand. Therefore, the Court recommends that plaintiff's application for costs be denied.

### III. CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's Motion To Remand be **GRANTED**. The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and

Recommendation to file and serve specific written objections to the Honorable Madeline C. Arleo, U.S.D.J.

Dated:  December 3, 2020

             *s/ Leda Dunn Wettre*
             Leda Dunn Wettre
             United States Magistrate Judge

Original: Clerk of the Court
  cc: Hon. Madeline C. Arleo, U.S.D.J.
     All Parties